In the Matter of the Claim of VASSILIOS MALKOTSIS, Respondent, v. DEMETRIOS VOGIATZIS et al., Appellants, and DEMETRIOS VOGIATZIS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions of the Workmen's Compensation Board, filed September 16, 1971 and August 4, 1972, which found that Consolidated Mutual had not properly canceled its workmen's compensation policy with the employer, pursuant to subdivision 5 of section 54 of the Workmen's Compensation Law and, hence, was jointly responsible with Transamerica Insurance Company for monetary awards made to the claimant. Claimant was injured on June 20, 1970. Transamerica

became the carrier for the employer on June 16, 1970, and Consolidated Mutual filed a notice of cancellation of its policy with the employer with an effective date of June 24, 1970. However, this notice was not received by the office of the chairman of the Workmen's Compensation Board until June 15, 1970. The only question presented on this appeal is whether or not the attempted cancellation by Consolidated Mutual was effective, even though it was received in the office of the chairman only nine days prior to the proposed effective date of cancellation. A mechanical reading of subdivision 5 of section 54 by itself would seem to make the cancellation ineffective, as it requires receipt of the notice by the office of the chairman at least 10 days prior to the effective date. The board so ruled. However, subdivision 5 of section 54 must not be read in a vacuum. Appellant aptly relies on section 25-a of the General Construction Law which provides: "When any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day". Reading this relevant section in conjunction with subdivision 5 of section 54, we find that appellant's seemingly tardy filing is, in fact, legitimized. For the June 24, 1970 effective date to be proper, notice would generally be required in the office of the chairman 10 days prior thereto, i.e., June 14, 1970. However, June 14, 1970 happening to be a Sunday, section 25-a makes filing on the next succeeding business day, i.e., June 15, 1970, equally effective. Such being the case and the appellant's cancellation thus being proper, the acceleration clause of subdivision 5 of section 54 as recognized by the board in its decision of August 4, 1972, takes appellant off the risk as of June 16, 1970, the date on which Transamerica commenced its coverage for the employer, and relieves the appellant of any responsibility for any award made to the claimant. Decision reversed, with costs to appellant, and matter remitted for further proceedings not inconsistent herewith. Kane, Main and Reynolds, JJ., concur; Greenblott, J. P., and Sweeney, J., dissent and vote to affirm in a memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). We must respectfully dissent. Cancellation of a policy of workmen's compensation insurance cannot be effected unless there is the strictest compliance by the canceling carrier with the provisions of subdivision 5 of section 54 of the Workmen's Compensation Law (*Matter of Conklin* v. *Byram House Rest.*, 30 N Y 2d 657, affg. 32 A D 2d 582; *Matter of Norwood* v. *Icon Display Ind.*, 37 A D 2d 877). This court has abided by this doctrine in two cases decided this term, *Matter of Van Deurs* v. *Regency Cabinet Corp.* (42 A D 2d 452) and *Matter of Steinmetz* v. *V & E Dress* (42 A D 2d 1010). In fact, by our decision in *Van Deurs* (*supra*), we held that cancellation shall not be effective unless the date specified therefor *follows by a period of 10 full days the date upon which notice of cancellation is received,* and rejected the contention that cancellation *upon the tenth day* after receipt of notice should be permitted. In so construing subdivision 5 of section 54, we have reaffirmed the underlying policy that an employer shall not be victimized by a unilateral cancellation of insurance unless he shall have been given 10 full days to obtain coverage from another source. The result reached by the majority not only is in conflict with our prior decisions, based as they are upon a clear expression of legislative intent, but it even conflicts with section 25-a of the General Construction Law, upon which the majority relies. That provision declares that "When any period of time * * * within which or after which or before which an act * * * required to be done, *ends* on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day". (Italics supplied.) It is at once obvious that the purpose of this statute is to allow an act to be done, where

such an act could have been performed within a time limited by law *but for* the fact the *last* day permissible therefor was a Saturday, Sunday or holiday; in brief, it is a statute by operation of which time periods are *extended* (see subd. [2]). As applied in this case, however, the statute is being used to *shorten* the period of time from receipt of notice of cancellation to the effective date thereof, by *cutting* off days at the *beginning* of a statutory period. The carrier was not required to make cancellation effective on June 24, but chose that date itself. Thus, it is clear that its service of notice was not in any way restricted by the fact that the last day therefor was a Saturday, Sunday or holiday. The simple fact is that there was no such last day for the carrier to act — unless, of course, it desired to circumvent the statute. Under the law, and taking into account our decision in *Van Deurs (supra)*, a notice served on June 15 could have specified a date of cancellation to be effective *on or after* June 26. The decision of the Workmen's Compensation Board should be affirmed.